it is written a garage would be an individual or a citizen.

It will be noticed that in certifying the compilation of the acts of the Legislature to be' as they appear before him and of record in his office, the secretary of state, among other things, states:

"The laws printed in this volume are true copies of the enrolled bills received in the office of the secretary of state after their approval by the Governor.

"Grammatical errors, misspelled words, punctuation, duplications, etc., appearing herein, are in strict compliance with the law which requires that the printed acts of the Legislature be true copies of the enrolled bills, and are not the result of carelessness on the part of proof readers or printers.

"The public can have access at any time to the original bills filed in this office."

This is not intended to be a criticism of the Legislature for the matters indicated in said. note, but as a protection to the secretary of state and those who had charge of publishing bills passed by the Legislature. So it will be seen from the above statement that this act is precisely as the Legislature passed it with whatever grammatical errors, inaccuracies, or incongruities there may be in it. So there was no mistake in placing the act as approved by the Governor into the acts of the Legislature as reported by the secretary of state.

The judgment will be reversed, and the prosecution ordered dismissed.

---

PEACE v. STATE. (No. 4559.)

(Court of Criminal Appeals of Texas. June 27, 1917.)

CRIMINAL LAW ☞1090(1)—APPEAL AND ERROR—RECORD.

On an appeal from a conviction for arson with lowest penalty assessed, nothing is presented for review in the absence of a statement of facts or bill of exceptions.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2804.]

Appeal from District· Court, Hill County; Horton B. Porter, Judge.

Bert Peace was convicted of arson, and appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

PRENDERGAST, J. This is an appeal from a conviction for arson with the lowest penalty assessed, and neither a statement of facts nor bill of exceptions. In the absence of these nothing is presented for review.

The judgment is affirmed.

---

SMITH v. STATE. (No. 4561.)

(Court of Criminal Appeals of Texas. June 27, 1917.)

CRIMINAL LAW ☞1094—APPEAL—REVIEW—ABSENCE OF BILLS OF EXCEPTIONS.

Where complaints of the charge and refusals of requests are not covered by bills of exceptions,

and, in the absence of a statement of facts, the charge seems sufficient, at least applicable to a state of facts that may have arisen under the evidence introduced, as set forth in the allegations and indictment, judgment of conviction will be affirmed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Clyde Smith was convicted of burglary, and he appeals. Affirmed.

E. B. Hendricks, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. This conviction was for burglary. There are neither bills of exceptions nor statement of facts in this record.

There are some complaints of the charge given, and special instructions refused, and also some allegations to the effect that the court erred in reference to omission and rejection of testimony. These matters are not covered by bills of exceptions, and the charge, in the absence of a statement of facts, seems to be sufficient, at least applicable to a state of facts that may have arisen under the evidence introduced, as set forth in the allegations and indictment.

The judgment will be affirmed.

---

CAIN v. WHARTON et al. (No. 230.)

(Court of Civil Appeals of Texas. Beaumont. June 19, 1917. Rehearing Denied June 27, 1917.)

1. DISMISSAL AND NONSUIT ☞60(2) — DISMISSAL FOR WANT OF PROSECUTION—DISCRETION OF COURT.

Where plaintiff, suing to set aside a judgment, took no action since early in January, 1913, to procure service by publication on nonresident defendants not served, and the case was not finally called for trial till the January term, 1916, the trial court did not abuse its discretion in dismissing the suit for want of prosecution.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 141.]

2. DISMISSAL AND NONSUIT ☞60(3)—LACK OF PROSECUTION—INABILITY TO GET SERVICE—DUTY OF PLAINTIFF.

Where plaintiff, before his case was finally called for trial, ascertained that he was unable to get personal service on nonresident defendants not served, it was plaintiff's duty to proceed within a reasonable time to procure service by publication, if sufficient to give jurisdiction in the case, and, having failed to do so, he cannot complain that the court abused its discretion in refusing to delay the 'case further, that he might cite such defendants by publication or otherwise, if the court was of the justifiable opinion that there had been great lack of diligence in attempting to procure service.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 142.]

3. APPEAL AND ERROR ☞927(2) — REVIEW — PRESUMPTION FAVORING TRIAL COURT.

On appeal from order dismissing for lack of prosecution a suit against resident and nonresident defendants, where it does not appear that plaintiff requested to be permitted to proceed as against resident defendants who had been served,

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

it will be presumed that he did not so request, so that the action of the court in not permitting him to proceed as against the resident defendants was not erroneous.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912, 2917, 3748.]

4. PLEADING ⊚⇒245(1)—AMENDMENT—REFUSAL OF PERMISSION TO FILE.

Where the trial court, in the exercise of its discretion, dismissed plaintiff's suit against resident and nonresident defendants for lack of prosecution, plaintiff having been lacking in diligence to procure service of nonresident defendants for three years, it properly refused to permit plaintiff to file his first amended petition, showing grounds why he should have been permitted to cite the unserved defendants by publication, and why the case should be continued that he might do so.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 653.]

5. APPEAL AND ERROR ⊚⇒1074(3)—HARMLESS ERROR — INCORPORATION OF PLEADING IN BILL OF EXCEPTIONS.

Where the trial court was warranted in dismissing plaintiff's suit for lack of prosecution, the court's failure to permit him to incorporate, as part of the bill of exceptions, his amended petition, showing why he should be permitted to cite unserved defendants by publication, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4252.]

6. APPEAL AND ERROR ⊚⇒934(1) — REVIEW — PRESUMPTIONS FAVORING COURT BELOW.

Every presumption should be indulged by the Court of Civil Appeals in favor of the action and judgment of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777, 3780–3782.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Suit by C. Cain against C. R. Wharton and others. From an order dismissing the case for want of prosecution, plaintiff appeals. Affirmed.

Baldwin & Baldwin, of Houston, for appellant. W. H. Gill and Earl Wharton, both of Houston, for appellees.

HIGHTOWER, C. J.   This suit was filed by appellant, C. Cain, in April, 1912, in one of the district courts of Harris county, and the main purpose of the suit was to set aside a judgment in another cause, to which judgment appellant and all the appellees in this suit, with the exception of appellees C. R. Wharton and Earl Wharton, were parties. The judgment sought to be set aside by the present suit, as well as the history and facts leading up to the present litigation, will be found reported in the case of Edward H. Hopkins et al. v. C. Cain, 105 Tex. 591, 143 S. W. 1145, to which reference is here made for the sake of brevity in this opinion.

There were some 29 persons made defendants in the present suit, and service was had upon 20 of them at different dates between the filing of this suit in April, 1912, and its last call for trial in January, 1916; but there were 9 of the defendants to the suit who were never in any manner served with citation, and all of whom were nonresidents of this state. It appears from the record in this case that the appellees, or some of them, at the commencement of the January term of the trial court, procured a setting of this case for trial during that term, and the case was regularly called for trial below on January 11, 1916. Upon the call of the case for trial, the appellant, C. Cain, who was the sole plaintiff, announced "Not ready for trial," for the reason that a number of the defendants had not been served with citation, and requested that the case be continued, in order that service might be had upon such defendants, and asked leave of the court to file his first amended petition, for the purpose of citing by publication the nonresident defendants, who had not theretofore been served.   This request was resisted by appellees, and was met by their motion to dismiss the case for want of prosecution, which motion was as follows:

"To the Honorable Judge of said Court: Come now Earl Wharton, C. R. Wharton, Seymour C. Bishop, Mary Lynn Weston, John R. Weston. Frank D. Delaware, Helen E. Hendricks, Amelia L. Walker, Louis W. Bishop, Jeanette Bishop Clark, Mrs. Jas. A. Dickson, Almeda Welch, Mary Morrison, Delphine Peacock, Ada Hunter, Frank D. Hunter, Minnie Camp McLeod, Jennie Camp, Emma Morgner, C. H. Camp, and Robert H. Woody, defendants in the above-styled cause, and represent to the court that the above cause was filed on, to wit, the 2d day of April, 1912, and that thereafter, upon motion of Earl Wharton, attorney for the above-named defendants, on, to wit, the ―――― day of ――――, 19―, said cause was dismissed for want of prosecution, and that thereafter, on, to wit, September 5, 1912, a motion to reinstate said cause was filed on behalf of C. Cain, plaintiff, by his attorneys, and said cause was reinstated, and that thereafter plaintiff, C. Cain, did, on or about the 24th day of September, 1912, have issued citations for the defendants in the above cause, and that thereafter, between said date and up to as late as January, 1913, citations were issued and served upon certain defendants therein, but since that date, a duration of three years period, plaintiff, C. Cain, has made no attempt or effort toward serving the balance of the defendants unserved in this cause, and that at this time there still remains unserved a number of defendants to the above-styled cause, and that by reason of this fact it has been necessary that said cause be continued from time to time and from term to term from the time of the filing of this suit of approximately three and one-half years, and that, so far as this defendant knows, no effort, other than the one effort above referred to, has been made to obtain service upon these defendants, or to bring said defendants into this court in order that this cause may be tried and disposed of.   Wherefore the above-named defendants say that by reason of these facts, and by reason of the fact that term after term and year after year they have been hampered and harassed by this cause of action, that they are entitled to have said cause dismissed, and respectfully pray the court that said cause be dismissed for lack of, or want of, prosecution. C. R. & Earl Wharton, Attorneys for the Above-Named Defendants."

The trial court refused to permit appellant to file his requested amended petition, for the purpose of citing those of the de-

fendants, who had not theretofore been served, by publication, and heard the motion of appellees to dismiss the case for want of prosecution, and after hearing such motion, and on the same day, made the following order granting the same, to wit:

"January 11, 1916, this cause coming on to be heard, the plaintiff asked leave to file an amended petition, to cite the unserved defendants by publication, which was resisted by defendants who have been cited herein, on the ground that no effort has been made (so far as the record shows) to get service on said defendants for more than three years, and defendants insist that this cause be dismissed for want of prosecution, which coming on to be heard, the court is of the opinion that plaintiff has not shown proper diligence to get service herein. and being further of the opinion that citation by publication on some of the defendants would not be sufficient or valid service in this character of suit, the plaintiff's leave to amend and cite by publication is thereupon overruled and defendant's motion to dismiss for want of prosecution is sustained, to all of which the plaintiff in open court excepts and gives notice of appeal."

Thereafter appellant filed a motion in the trial court to reinstate this cause on the docket thereof, which motion, after being considered by the court, was also overruled, to which action of the court appellant duly excepted. It appears from the record that appellant and appellees were unable to agree upon a proper bill of exceptions to the action of the trial court dismissing appellant's suit, and the trial judge himself prepared and filed a bill of exceptions, which fully reflects his action in dismissing this suit, and his reasons therefor, the correctness or truth of which bill of exceptions we do not understand to be challenged in any way by appellant, in so far as any statement of fact therein made is concerned, and which bill is here now set out in full, as follows:

"Be it remembered that in the above numbered and entitled cause the attorneys for the plaintiff and defendants, respectively, having failed to agree on a bill of exceptions to the action of the court had in said above numbered and styled cause, dismissing same for want of prosecution, the court hereby submits the following bill relating to his action in said cause as reflecting the facts connected therewith:

"Be it remembered that in this cause the plaintiff filed his original petition in this court on the 2d day of April, 1912, the purpose of said suit being to set aside a judgment rendered in this court on the 28th day of September, 1910, which said judgment was appealed to the Court of Civil Appeals at San Antonio, and thereafter affirmed, but upon motion for rehearing was reversed and rendered, and upon a writ of error being granted by the Supreme Court, the judgment of said Court of Appeals at San Antonio was reversed, and the opinion of the district court in said cause was affirmed; said last-named decision having been rendered February 21, 1912. That the defendants mentioned in said petition are as follows: C. R. Wharton, Minnie Camp McCloud, Earl Wharton, Perry Deleware, Seymour C. Bishop, Stanley N. Bishop, Mary Lynn Weston, Jeanette Bishop Clark, John R. Weston, Mrs. James A. Dickson, Frank D. Deleware, Lorice Pierce, Helen E. Hendricks, Almeda Welsh, Amelia Walker, Mary Morrison, Webster Bishop, Delphine Peacock, Lewis W. Bishop, Ada Hunter, Frank D. Hunter, C. H. Camp, Ira P. Gibbard, Charles E. B. Hunter,

Jennie Camp, Elizabeth Johnson Hunter, Emma Morgner, Garrett W. Hunter, Almeda Johnson, Robert H. Woody—all of whom were parties to the judgment above referred to, except C. R. Wharton, Earl Wharton, and Robert H. Woody, that C. R. Wharton and Earl Wharton are alleged to reside in Harris county, and that the other defendants are alleged to reside in the state of New York. The defendants C. R. and Earl Wharton were regularly served herein and filed their answer on April 12, 1912, and afterwards on May 6, 1912, the defendant C. R. Wharton filed his separate answer. On the ———— day of ————, 1912, the clerk, upon motion of the defendants, entered a rule for costs against the plaintiff herein, and on September 3, 1912, on motion of the clerk for security of costs, the trial court dismissed said cause for failure to comply with the rule, and thereafter, to wit, on September 5, 1912, the plaintiff filed his motion to have said cause reinstated for reasons therein set forth, and, acting upon said motion, the trial court on said date reinstated said cause.

"Thereafter, on the 24th day of September, 1912, the plaintiff caused citations to issue for all of the defendants to the state of new York, some of whom were duly and legally served with a copy of plaintiff's petition and citation as required by law for service on nonresident defendants. Afterwards, on November 4, 1912, the plaintiff caused citations to issue for all of the defendants to the state of New York, some of whom were duly and legally served with a copy of plaintiff's petition and citation as required by law for service on nonresident defendants. Afterwards, on November 4, 1912, the cause was continued for service upon the other defendants. Service was had upon said defendants upon the following dates: Helen E. Hendricks, Amelia L. Walker, and Lewis W. Bishop, on the 30th day of October, 1912; Emma Morgner, on the 16th day of October, 1912; Jeanette Bishop Clark, on the 19th day of October, 1912; Delphine Peacock, on the 25th day of October, 1912; Minnie Camp McCloud and Jennie Camp, on the 26th day of October, 1912; Mary Weston and John R. Weston, on the 26th day of October, 1912; Frank D. Deleware, on the 28th day of October, 1912; Mrs. James Dickson, on the 7th day of November, 1912; Ada Hunter and Frank D. Hunter, on the 7th day of November, 1912; Mary Morrison, on November 19, 1912; Charles Henry Camp, on the 28th day of December, 1912; Robert H. Woody, on the 13th day of January, 1913; Seymour C. Bishop, on the 16th day of January, 1913.

"That thereafter, on the 6th day of January, 1913, the plaintiff, C. Cain, took interlocutory judgment by default against the defendants Mary Morgner, Mrs. James Dickson, Minnie Camp McCloud, and Jennie Camp, as will appear by reference to said judgment. Afterwards, to wit, on the same date, the defendants Charles H. Camp, Mary Weston, John R. Weston, Ada Hunter, Frank D. Hunter, Mrs. James Dickson, Delphine Peacock, Minnie Camp McCloud, Jennie Camp, Helen E. Hendricks, Amelia L. Walker, Lewis W. Bishop, and Emma Morgner filed an answer in said cause, as will appear by reference to the answer filed therein January 6, 1913. That afterwards the defendants Emma Morgner, Mrs. James Dickson, Minnie Camp McCloud, and Jennie Camp, on the 7th day of January, 1913, filed a motion to set aside the judgment by default rendered against them, and said motion, coming on to be heard on the 15th day of February, 1913, was by the court overruled, as will appear by reference to the judgment so rendered and the order of the court overruling same. That afterwards, on January 22, 1914, said cause was continued generally, and the docket does not show any further orders made in the cause by this court from the 15th day of February, 1913, until the 22d day of January, 1914, as above mentioned. Thereafter, on May 4, 1914, said cause was again continued for

service upon the defendants not served up to that time; but afterwards, on January 4, 1915, this case was again continued for service, and that afterwards, to wit, on January 3, 1916, the defendants asked leave to file their first amended original answer, and same was filed by the following defendants: Earl Wharton, Seymour C. Bishop, Mary Lynn Weston, John R. Weston, Frank D. Deleware. Helen E. Hendricks, Amelia L. Walker, Lewis W. Bishop, Jeanette Bishop Clark, Mrs. James A. Dickson, Amelia Welsh, Mary Morrison, Delphine Peacock, Ada Hunter, Jennie Camp, Emma Morgner, Frank D. Hunter, Minnie Camp McCloud, C. H. Camp, Robert H. Woody.

"Be it further remembered that thereafter, on the 8th day of January, 1916, counsel for the defendants who had been served herein filed a motion asking that this cause be dismissed for want of prosecution, alleging in substance that this suit was filed on the 2d day of April, 1912, and after being dismissed was reinstated on September 5, 1912; that the plaintiff's attorneys on the 24th day of September, 1912, issued citations to the defendants in said cause, and that thereafter, between said dates and up to as late as January, 1913, citations were issued and served upon certain defendants therein, but since said time for a period of three years the plaintiff, C. Cain, had made no attempt or effort toward getting service upon the balance of the unserved defendants; and that by reason of the allegations contained in said suit the defendants were hampered and harassed by this cause of action and were entitled to have same tried or dismissed for want of prosecution.

"That the attorney for the plaintiff requested the court to grant leave to file an amended petition for the purpose of procuring service by publication on the defendants not heretofore served, tendering same into court, which was resisted by the defendants' attorneys upon the ground that in a suit of this character service by publication would not be sufficient, and the effect of allowing the amended petition filed would be to continue the cause again from term to term, at least one term, and could not result in obtaining legal service; and the court, after listening to attorneys for both parties, was of the opinion that to permit the filing of said amended petition would simply mean the continuance of the cause again, as it could serve no useful purpose in the opinion of the court, as in this character of case service by publication would not be sufficient, and the court thereupon declined to permit the plaintiff to file said amended petition, or to incorporate same in his bill of exceptions tendered herein (as the court was of the opinion that it would be improper practice to do so) to which action of the court plaintiff's attorney excepted; the court at the time entering on the docket the reasons assigned herein, to wit, that the plaintiff had not, so far as the records show, been diligent in an effort to obtain service, as more than three years had elapsed, as shown by the records, and that service by publication as requested would not in the opinion of the court be sufficient valid service in a suit of this character, whereupon the court sustained the motion of the defendants' counsel to dismiss this cause for want of prosecution, to all of which the plaintiff in open court excepted and gave notice of appeal.

"Be it further remembered that afterwards, on, to wit, the 13th day of January, 1916, the plaintiff filed a motion to reinstate said cause, and on the 1st of March, 1916, same coming on to be heard, and it being made to appear to the court on said hearing, as had been done in the motion to dismiss, that this cause was filed on the 2d day of April, 1912, and that the plaintiff's suit is one to set aside a judgment heretofore rendered by this court, in which, among other allegations, were some amounting to serious charges and reflections against two of the defendants, C. R. Wharton and Earl Wharton, who are practicing attorneys in good standing at this bar, and the court being of the opinion that, though the cause has been filed nearly four years, taking into consideration the nature of the suit and the allegations above referred to; that plaintiff's counsel had not shown sufficient diligence in preparing same for trial, and for a period of more than three years, in so far as is disclosed by the record, had made no effort to produce service upon nonresident defendants now unserved herein, and that there still remains unserved a number of defendants who should be brought into court before the plaintiff could proceed with his suit to set aside said judgment, the court, in what it conceives to be the interest of justice, sustained the motion of the defendants to dismiss the cause for want of prosecution, all of which action was duly excepted to by the plaintiff's attorney, and notice of appeal given to the Court of Civil Appeals for the First Supreme Judicial District at Galveston, Texas.

"As hereinbefore recited, the parties having failed to agree on a bill of exceptions, the court here now files this as his recollection of the matters in issue, and orders same to be filed as part of the record in this cause. this the 16th day of March, 1916.    Wm. Masterson, Judge."

Appellant's first and second assignments of error raise practically the same question, and challenge the action of the trial court in dismissing appellant's suit for the want of prosecution, and in that connection he argues that, those of the defendants below who were not in fact served with citation being nonresidents, the court should have continued the case, and permitted appellant to cite such defendants by publication.

[1] It will be seen, by a reference to appellees' motion, hereinbefore copied, that the same was based upon a lack of diligence on the part of appellant in preparing his case for trial by getting service upon the necessary defendants, etc., and also it will be seen, from the order of the court granting that motion, that the court was of opinion that the allegations in the motion to dismiss because of lack of diligence on the part of appellant, as made in the motion, were true; and if the statement of facts contained in the bill of exceptions filed by the court relating to and explaining his action in dismissing appellant's suit be true, and there seems to be nothing in this record controverting in any manner the truth of such statements, then we are of opinion that the trial court did not err in dismissing plaintiff's suit for the want of prosecution, or, at least, we cannot hold that the court abused his discretion in taking such action. According to the allegations contained in the motion to dismiss, and also the statements contained in the court's bill of exceptions, there appears to have been no action taken by appellant since early in January, 1913, with a view to procuring service on any of the defendants not served, although the case was not finally called for trial until the January term, 1916, approximately three years since any effort was made by appellant to procure service on unserved defendants, and certainly, this court could not hold that the trial court abused its discretion in dismissing plaintiff's suit, under such circumstances.

[2] If it be true that appellant ascertained, before this case was finally called for trial, that he was unable to get personal service on those of the defendants not served, and who are alleged in his petition to be residents of the state of New York, then we think that it was appellant's duty to proceed, within a reasonable time after such knowledge, to procure service on such defendants by publication, if such service would be sufficient, as he contends, to give jurisdiction over such defendants in this case, and, having failed to attempt to procure such service until this case was actually called for trial in January, 1916, he cannot complain that the court abused its discretion in refusing to further delay the trial of the case, in order that appellant might cite such defendants by publication, or in any other manner, if the court was of the opinion, and such opinion was justified, that there was a great lack of diligence on the part of the appellant in attempting to procure service on such defendants. Ricker v. Shoemaker, 81 Tex. 22, 16 S. W. 645. This whole matter was one, we think, that was within the discretion of the trial judge, and unless this court can say, from the record before us, that the trial judge abused his discretion in this matter, his action must be affirmed. Hall v. City of Austin, 31 Tex. Civ. App. 626, 73 S. W. 32. Being of the opinion that the trial court was justified in his action in dismissing, for want of prosecution, appellant's suit, his first and second assignments of error are overruled.

Appellant's third and fourth assignments are to the effect that the trial court erred in holding that those of the defendants who had not been served up to the time of trial could not be legally cited by publication in this suit, and that it would serve no useful purpose, therefore, to delay the trial, in order to permit appellant to procure such service. In answer to this contention of appellant, it will suffice to say that it is clear, from the motion made by appellees to dismiss this cause, and the order of the court granting the same, and the statements of the trial judge contained in the bill of exceptions explaining his action, that the real ground upon which the court dismissed this suit was that appellant was clearly lacking in diligence in the prosecution of this case, and that to longer hold it on the docket would be unjust and unfair to the appellees, and while it is true that the trial judge states in the bill of exceptions that he was of the opinion that service by publication as to the defendants then not served would not avail appellant anything, or serve any useful purpose, still it is manifest, as stated above, that the court based its action in dismissing this suit upon the ground of lack of diligence on the part of appellant in its prosecution, and therefore it is unnecessary for this court to decide whether the trial judge was mistaken in his view that service by publication on the nonresident defendants not served would not be sufficient, considering the nature and purpose of this suit. But if the correctness of the court's action depended upon the correctness of his view on this point, we are inclined to think, without deciding, however, that we would find difficulty in being able to affirm the judgment. The third and fourth assignments of error are also overruled.

[3] Appellant's fifth assignment challenges the action of the court in not permitting appellant to proceed to trial as against defendants C. R. Wharton and Earl Wharton, who were duly served, and who are residents of Harris county, Tex., and against whom a personal judgment was prayed, among other things. In answer to this assignment, we have to say that it nowhere appears in the record that appellant requested the trial court to permit him to proceed with his case as against these defendants; but, on the contrary, it appears from appellant's brief, and he expressly states, that after the court decided that service by publication on those defendants then not served could not avail, and would serve no useful purpose, that then the only thing the court could do was to dismiss appellant's suit. It not appearing that appellant requested to be permitted to proceed with his suit as against these two defendants, it will be presumed, in the absence of such showing, that he did not so request, and therefore his fifth assignment of error is overruled.

By his sixth assignment of error appellant challenges the action of the court in not permitting him to proceed to trial as against all of the defendants who had been in fact served. With reference to this matter, we have to say, as said in answer to the fifth assignment, that there is nothing in the record showing that appellant asked to be permitted to proceed with his suit as against those of the defendants who were actually served, and in the absence of such showing we must presume that no such request was made by appellant, and the sixth assignment is therefore overruled.

[4] The seventh assignment challenges the action of the court in refusing to permit appellant to file his first amended petition, in which he states in his brief, he showed grounds as to why he should be permitted to cite the unserved defendants by publication, and why the case should be continued to permit him to do so. This contention is met, however, by the court's bill of exceptions relative to this matter, from which it clearly appears, if the statements in the bill be true, and we must presume them to be true, that appellant has been clearly lacking in diligence in any effort to procure service of any of these unserved defendants by any means since early in January, 1913; for it is clearly stated in the bill that, so far as shown by the records, no effort whatever has been made by appellant since early in January, 1913, to procure service on these unserved defendants by any

means whatsoever, and surely, if these statements in the bill had been untrue, or in any manner incorrect, appellant would have controverted, in the proper way, such statements in the bill. We do not see, in view of the facts stated in this bill, how appellant could have shown by his amended petition a reason why the court should have longer permitted him to hold this case on the docket, or how he could have been prejudiced by the refusal of the court to permit him to file this amended petition. To have given the petition any effect, the court would necessarily have been bound to again continue the case, which would have been contrary to the judgment and opinion of the court that it ought to have been dismissed for the want of prosecution. We are not able to say that the court committed any error in this matter prejudicial to appellant, and the assignment is overruled.

[5, 6] The eighth assignment challenges the action of the court in refusing to permit appellant to incorporate in and make a part of the bill of exceptions the amended petition, which he presented to the court and asked permission to file. Appellant's main contention in this connection is that, without such petition being made a part of the bill of exceptions, he is unable to show this court his reasons for not serving the other defendants found to be unserved at the time of trial, and his reasons why the case should have been continued to procure service on them by publication. Again we answer that the facts stated in the court's bill of exceptions are abundantly sufficient to warrant the action of the court in dismissing appellant's suit, and in the absence of any contradiction of that bill by appellant we cannot see how he was prejudiced on account of failure of the court to permit him to incorporate, as a part of the bill, the amended petition, which he tendered to the court and sought to file. There was no formal application for continuance of the case, duly verified, etc., which might have been done, and a proper showing made, if any reason existed for a continuance; but, as best we can gather from the record, appellant merely stated or suggested to the court that he could not go to trial, because there were unserved defendants, whom he desired to cite by publication. Every presumption should be indulged by this court in favor of the action and judgment of the trial court, and unless it be made to appear to this court, by some means in the record, that appellant has been prejudiced by the action of the court in refusing to attach this tendered petition as a part of the bill of exceptions, this court will not reverse the action of the trial court, and this assignment is overruled.

Taking this record as a whole, we have been unable to find anything upon which this court would feel justified in reversing the action of the trial court in dismissing this suit, and all assignments of error are therefore overruled, and the judgment of the trial court is in all things affirmed.